Frank R. Bayger, J.
The plaintiff City of Buffalo, seeks a judgment declaring certain provisions of the New York Civil Service Law unconstitutional and enjoining the defendant Public Employment Relations Board (“PERB”) from further proceeding or acting thereunder. At issue are those provisions of subdivision 4 of section 209 of the Civil Service Law which mandate binding arbitration of wage disputes between a municipality and its duly organized fire and police forces.
In the event that such disputes cannot be resolved through negotiation or mediation, section 209 (subd. 4, par. [c]) requires that the dispute be referred to a three-member ad hoc arbitration panel. Provision is made for the selection of the panel members by the parties and/or by the board and the panel’s determination of the dispute is made “final and binding upon the parties” and “ shall not be subject to the approval of any local legislative body or other municipal authority.” (Civil Service Law, § 209, subd. 4, par. [c], cl. [vi].)
*743 The plaintiff, City of Buffalo, is presently involved in a continuing contract dispute with the police and fire officers’ organizations. The defendant board has referred the matters for arbitration but the city has refused to select a panel member or otherwise submit to the arbitration provisions of the statute. The city contends that these provisions represent an unconstitutional delegation of legislative authority; an improper abrogation of the city’s home rule powers; and, absent some provision for legislative or judicial review, are violative of constitutional due process.
While New York’s Municipal Home Rule Law and Constitution recognize the right of municipalities to govern their own affairs and determine, among other things, the compensation and conditions of employment of their employees, a paramount authority to enact general legislation with respect to such matters is specifically reserved to the State Legislature. (Cf. N. Y. Const., art. IX, § 2; art XIII, § 14.) Thus the Legislature may properly legislate with respect to any matter touching upon areas of general State concern albeit the particular enactment may be of local effect or tend to circumscribe local authority. (Adler v. Deegan, 251 N. Y. 467; City of New York v. State of New York, 67 Misc 2d 513.) I believe the statutes under consideration represent just such general legislation. The health, safety and well-being of the State’s populace are clearly matters of State concern. Considerations of public safety require that disputes between local governments and their municipal police and fire forces be promptly resolved. Procedures for the resolution of such disputes are most certainly appropriate subjects for State legislation. Therefore, if the legislation in question is not otherwise imperfect, it must be upheld and local governments must accede to its command.
The city argues however that while the Legislature might properly resolve the current dispute, their delegation of that power to an ad hoc arbitration panel is constitutionally impermissible. Aside from the fact' that duly enacted legislation enjoys an “ exceedingly strong presumption of constitutionality ” (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263, 269), the statute in question does not represent such complete, total delegation of legislative discretion and authority as would render it invalid. The proceedings and events which must occur prior to the creation of the panel and submission of the dispute to final arbitration are expressly spelled out. Similarly, the reasonable and precise standards and guidelines to which the panel must adhere are set out in *744 express detail. The power of the panel is therefore strictly limited. There is no impermissible grant of legislative discretion or law making authority in the proper .sense of those terms. (Cf. Mount St. Mary’s Hosp. v. Catherwood, 26 N Y 2d 493; 8200 Realty Corp. v. Lindsay, 27 N Y 2d 124; Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707.) And contrary to the city’s contention, the propriety of the panel’s findings and determination must be deemed subject to judicial review.
While section 209 (subd. 4, par. [c], cl. [vi]) proscribes review of the panel’s determination by any local legislative body or municipal authority, it does not deny appropriate judicial review. Indeed, even if such review were specifically proscribed, “ the courts have the power and the duty to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the legislature.” (Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, 183.)
Under the previously enacted section 213 of the Civil Service Law, orders of the board are judicially reviewable under CPLR article 78. Whether the section now under consideration and the ad hoc determination made thereunder be deemed to be within the purview of section 213 or whether the panel’s determination is held to be subject to our courts’ established power to review legislative or quasi-legislative administrative determinations, constitutional due process is guaranteed. (Mount St. Mary’s Hosp. v. Catherwood, supra; Matter of Guardian Life Ins. Co. v. Bohlinger, supra.)
The plaintiff’s motion for summary judgment is denied and judgment shall be entered in favor of the defendant dismissing the complaint herein and declaring section 209 of the Civil Service Law in all respects, constitutional and valid.