Frank R. Bayger, J.
By way of an order to show cause with supporting affidavits and exhibits, the plaintiffs seek an order of this court confirming and directing enforcement of a final arbitration award made pursuant to subdivision 4 of section 209 of the Civil Service Law in the course of the parties’ continuing public employment wage dispute. Plaintiffs’ motion is grounded upon the provisions of CPLR 7510.
In a separate proceeding entitled City of Buffalo v New York Public Employment Relations Bd. (80 Misc 2d 741), this court has today upheld the validity of subdivision 4 of section 209 of the Civil Service Law. In doing so the court relied to a considerable extent upon the presumptive constitutionality of regularly enacted legislation. (I L. F Y. Co. v Temporary State Housing Comm., 10 NY2d 263.) Reliance was also placed upon the availability of judicial review under section 213 of the law so as to satisfy the requirements of constitutional due process. In doing so the court equated arbitration awards under subdivision 4 of section 209 of the law with "orders” of the Public Employment Relations Board under whose auspices and authority the arbitration is directed and conducted and an award is made. Review and enforcement of the board’s orders are specifically provided for by section 213 of the law and are restricted to proceedings under CPLR article 78.
The court finds no reason to deviate from that interpretation in this proceeding. Unlike the legislative scheme for compulsory arbitration of disputes between nonprofit hospitals and their employees (cf. Labor Law, § 716; and see Mount St. Mary’s Hosp. v Catherwood, 26 N Y 2d 493), article 14 of the Civil Service Law and its appended subdivision 4 of section 209 contain no reference to the arbitration enforcement procedures of CPLR article 75.
*174 Had the Legislature intended to adopt those enforcement procedures, traditionally related to consensual arbitration (CPLR 7501), they would presumably have said so.
That is not to say, however, that enforcement of public employment arbitration awards was not intended. The stated purposes and clear intent of article 14 preclude such a finding (Civil Service Law, § 200). By appending subdivision 4 of section 209 to the existing provisions of article 14, the Legislature clearly intended the new compulsory arbitration procedures to be within the purview of the existing enforcement provisions of section 213. Under that section, enforcement may be had only in special proceedings under CPLR article 78 upon petition by the Public Employment Relations Board. There is no provision for enforcement of the board’s directives upon motion by a party to the dispute.
The plaintiffs’ motion is denied and the order to show cause dated January 17, 1975 is dismissed.