George L. Cobb, J.
When the union representing the firemen of the City of Albany failed to reach an agreement with the city concerning a new Taylor Law agreement (Civil Service Law, art 14) for the period which began November 1, 1974, the matters in dispute were referred to a public arbitration panel appointed pursuant to subdivision 4 of section 209 of the Civil Service Law which panel on September 11, 1975 rendered its determination. Although subdivision 4 (par [c], cl [vi]) says, in part, that such a determination "shall be final and binding upon the parties for the period prescribed by the panel * * * [and that] [s]uch determination shall not be *760 subject to the approval of any local legislative body or other municipal authority”, city officials have announced that they do not intend to implement it. Accordingly, the said firefighters’ union instituted this proceeding to obtain an order which either confirms the award or enforces it against the respondents.
In Mount St. Mary’s Hosp. of Niagara Falls v Catherwood (26 NY2d 493, 505), the Court of Appeals pointed out that the State Legislature could properly "establish a tribunal, other than a court, to hear and determine disputes even where substantial property rights, are involved, but there must be due process of law, both substantive and procedural”, and pointed out further that such a formula for resolving negotiation disputes could constitutionally be imposed only if there were standards to guide the tribunal and judicial oversight "to assure that there is a reasonable basis for the action by the delegate body in compliance with the legislative standards”. All of the parties to this litigation concede that some form of judicial review of the determination of the instant public arbitration panel is indicated and differ only as to its form and scope.
In two Special Term cases (Caso v Coffey, 83 Misc 2d 614; Matter of Buffalo Police Benevolent Assn. v City of Buffalo, 81 Misc 2d 172), it was held that judicial review of such a compulsory arbitration award should be had in CPLR article 78 proceeding, and in one such case (Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, NYLJ, June 26, 1975, p 12, col 1), the court ruled that an article 75 review was appropriate. In Caso v Coffey (supra, p 623), the court remanded the matter to the arbitrators for formal hearings and the preparation of a "complete written record of all proceedings” because in its absence the court said it was unable to determine if the award was supported by substantial evidence in the record and in Matter of Buffalo Police Benevolent Assn. v City of Buffalo (supra), the court held that the said article 78 judicial review could not be had unless such was sought by the Public Employment Relations Board as petitioner. The court in Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York (supra) relied on the holding in City of Amsterdam v Helsby (37 NY2d 19), but in that case the matter of judicial review was discussed only by Judge Fuchsberg in his concurring opinion wherein he expressed the view at pages 40 and 41 that, in a case like this, judicial review should include "the *761 substantiality of the evidence and the degree of due process granted to the parties”.
In Mount St. Mary’s Hosp. of Niagara Falls v Catherwood (26 NY2d 493, supra), our highest court considered the constitutionality of section 716 of the Labor Law which mandated compulsory arbitration of labor disputes involving private voluntary or nonprofitmaking hospitals. Said statute expressly provided for judicial review pursuant to CPLR article 75 rather than article 78, but the court, in the course of its opinion, indicated that the historical dimensions of an article 75 review would not be satisfactory in a compulsory arbitration case. The court there said that when the arbitrators were writing a new labor agreement for the parties, judicial review should be limited to whether or not the arbitrators had exercised their power under the standards expressed in the applicable statute and whether or not the award that was made had some reasonable basis (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, supra, pp 509-510).
It seems to this court that the review procedures of CPLR article 75, as modified by the holding in Mount St. Mary’s Hosp. of Niagara Falls v Catherwood (supra), are appropriate here. This means that the instant award should be confirmed if it appears that in reaching their determination the public arbitration panel considered those matters which the statute says they must consider and that their determination is supported by any evidence which was before them and, therefore, has a rational basis.
The court has reviewed the written report of the arbitrators and the exhibits which were presented to the panel. From these documents it appears that the panel reached its determination in the exercise of lawful procedures and accordingly, it should be confirmed.
The city says that there can be no proper judicial review of the determination in the absence of a written record. However, at the outset of the hearings before the arbitrators each party was asked if they wished to have a transcript made of the hearings and each side waived the making of a record. Under these circumstances, the city may not now take technical advantage of its absence.
Lastly, the respondents complain that none of the persons whose names appeared upon the list submitted by the Public Employment Relations Board for the selection of a public member were "qualified disinterested persons” as demanded *762 by the statute, but the evidence before the court indicates that this claim is without foundation.
The prayer of the petition will be granted to the extent that the award of the public arbitration panel will be confirmed. Since the respondents had no duty to comply with such an award unless and until confirmation had been had, no relief in the nature of mandamus may now be had, but such disposition will be without prejudice to the institution by petitioner of such other and further proceedings as it may deem advisable.