John T. Casey, J.
When a dispute concerning salary and working conditions arose in the course of collective bargaining negotiations between the Albany Permanent Professional Firefighters Assn. (APPFA) and the City of Albany and reached an impasse, it was referred to compulsory arbitration pursuant to subdivision 4 of section 209 of the Civil Service Law. The decision of the arbitrators handed down on September 11, 1975 favored the APPFA. When the city neglected or refused to implement the decision made, APPFA moved before Mr. Justice Cobb to confirm the award pursuant to CPLR article 75 and for mandamus pursuant to CPLR article 78 to enforce it. Judge Cobb decided that the review procedures of CPLR *557 article 75 as modified by Mount St. Mary’s Hosp. of Niagara Falls v Catherwood (26 NY2d 493) were appropriate and required only that the Public Arbitration Panel consider the matters required by statute to be considered and that the award based thereon be supported by evidence sufficient only to provide a basis for that determination. Accordingly, the award of the panel was confirmed.
The City of Albany has now instituted this proceeding in the nature of article 78 against PERB and the members of the Public Arbitration Panel, claiming that the determination made and the review required thereof present a question of the underlying substantial evidence and require immediate transfer to the Appellate Division, Third Department, under CPLR 7803 (subd 4) to satisfy the due process required by Mount St. Mary’s Hosp. (supra).
PERB moves to dismiss the petition in point of law, contending that the decision of Judge Cobb is res judicata and is another proceeding pending for the same relief and, therefore, the petition fails to state a cause of action.
In reply the city maintains that the proceeding before Judge Cobb was brought by APPFA to confirm the award pursuant to CPLR article 75 and to implement it, whereas the instant proceeding is by the city to review and reverse the award of the public arbitrators in a CPLR article 78 proceeding. It is the city’s contention in this regard that article 75 review may be appropriate for consensual arbitration because the parties themselves agree that a dispute arising will be so determined and, therefore," the judicial review provided in the case of consensual arbitration is markedly limited (Antinore v State of New York, 79 Misc 2d 8) when compared to a case of compulsory arbitration, but that Mount St. Mary’s Hosp. of Niagara Falls v Catherwood (supra), mandates full article 78 review in compulsory arbitration matters to satisfy procedural due process.
Mount St. Mary’s Hosp. dealt with section 716 of the Labor Law which in paragraph [b] of subdivision 6 provides that an application to confirm, modify, correct or vacate an arbitration award shall be made in accordance with CPLR article 75. That article governs consensual arbitration awards also. Because of the limited judicial review provided (in the case of consensual arbitration awards) the Court of Appeals held in Mount St. Mary’s Hosp. (supra), that in order to preserve the constitutionality of section 716 it was necessary in the case of *558 compulsory arbitration awards to graft onto the article 75 review provided, those procedures usually identified with CPLR article 78 review in order to satisfy procedural due process.
Specifically, Mount St. Mary’s (supra) decided that in order to satisfy the minimum requirements of procedural due process, judicial review of awards made in compulsory (as distinguished from consensual) arbitration proceedings must be sufficient at least to test whether the evidence adduced at the arbitration hearing was "substantial”, in a case involving the interpretation of an existing collective bargaining agreement, and to test whether the decision is "arbitrary” and "capricious” and justified by the public interest and reasonable conditions to effect that interest, if the terms of a new collective bargaining agreement are involved. (See concurring opn. by Chief Judge Fuld in Mount St. Mary’s Hosp., supra, p 513.)
In the instant case, article 14 of the Civil Service Law is involved, not section 716 of the Labor Law. Subdivision 4 of section 209 appended to that article contains no reference to the enforcement procedures of CPLR article 75. By contrast, subdivision 4 of section 209 proscribes review of the panel’s determination by any local legislative body or municipal authority but does not by its provisions deny appropriate judicial review and the propriety of the panel’s findings must be deemed subject to some sort of judicial review. (City of Buffalo v New York State Public Employment Relations Bd., 80 Misc 2d 741.) What review does appear in article 14 is contained in section 213 of the Civil Service Law wherein it is provided that orders "of the board” are judicially reviewable under CPLR article 78. The board, of course, is PERB. While the board may utilize article 78 procedures provided in section 213, a party may not. (Buffalo Police Benevolent Assn. v City of Buffalo, 81 Misc 2d 172.) Because PERB is not bringing this proceeding and further because PERB made no determination herein that is sought to be reviewed, section 213 is inapplicable.
For lack of any statutory direction where a party, as distinguished from the board, is bringing the proceeding, as herein, to review a compulsory arbitration award, resort must be had to Mount St. Mary’s Hosp. as quoted above to determine the type and kind of judicial review required.
That authority specifically holds that where the nub of the dispute is the terms of a new collective bargaining agreement *559 the award is to be reviewed under CPLR article 75 and is required to pass the "arbitrary” and "capricious” test and be justified by the public interest and reasonable conditions to effect that interest." Since this is substantially the test of reviewability that Judge Cobb applied to this arbitration award and since I agree with that decision for the reasons stated herein, there is no need to decide whether his decision in the former proceeding is res judicata to the issues in the manner in which they have been framed here.
Accordingly, the petition before me seeking article 78 review and transfer to the Appellate Division is dismissed in point of law.