In the Matter of the Arbitration between ALBANY PERMANENT PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 2007, I.A.F.F., AFL-CIO, Respondent, and ERASTUS CORNING, II, as Mayor of the City of Albany, et al., Appellants.

In the Matter of the CITY OF ALBANY, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, April 1, 1976

*John E. Roe, Corporation Counsel (Francis Bergan* of counsel), for appellants.

*Lombardi, Reinhard & Walsh, P. C. (Richard P. Walsh, Jr.,* of counsel), for Albany Permanent Professional Firefighters Association, respondent.

*Martin L. Barr* for Public Employment Relations Board, respondent.

LARKIN, J. These appeals were consolidated by this court on January 22, 1976. The first proceeding was brought by the Albany Permanent Professional Firefighters Association (APPFA) pursuant to CPLR article 75 or, alternatively, CPLR article 78 against the respondent City of Albany, its Mayor and Comptroller and the Public Employment Relations Board (PERB) to confirm an award made by a public arbitration panel or, alternatively, for an order of mandamus compelling the city to comply with the decision. The second proceeding was instituted by the City of Albany under CPLR article 78 against PERB and individual members of said arbitration panel to review and annul the award and determination made by the panel.

The controversy which gave rise to these proceedings arose from the failure of APPFA, the recognized bargaining agent for the Albany firefighters, lieutenants and captains, and the city to reach an agreement over the terms of an employment contract which was to begin November 1, 1974. After an impasse had been reached in the negotiations, APPFA filed a petition with PERB requesting that the dispute be referred to a public arbitration panel pursuant to subdivision 4 of section 209 of the Civil Service Law. After hearings the panel made a determination awarding APPFA one additional holiday and wage increases of approximately 19% over a one and one-half year period, but rejecting most of the other union demands. At issue on these appeals are: (1) what is the proper vehicle for enforcing this compulsory arbitration award and what scope of review is applicable; (2) whether, applying the applicable standard of review, the award of the public arbitration panel is adequately supported by the record; and (3) whether two procedural rules of PERB have deprived the city of due process in these proceedings.

The Civil Service Law provides that "the determination of the public arbitration panel shall be final and binding upon the parties" (Civil Service Law, § 209, subd 4, par [c], cl [vi]), but provides no guidance as to the proper method of reviewing or enforcing the panel's determination. "Even where judicial review is proscribed by statute, the courts have the power and the duty to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the Legislature" (*Matter of Guardian Life Ins. Co. of Amer. v Bohlinger,* 308 NY 174, 183). The parties agree that some type

of review is necessary and differ only as to its form and scope. We conclude that the appropriate vehicle for reviewing an award made by a public arbitration panel pursuant to subdivision 4 of section 209 of the Civil Service Law is article 75 rather than article 78 of the CPLR.

In *Mount St. Mary's Hosp. v Catherwood* (26 NY2d 493), the issue was the constitutionality of section 716 of the Labor Law which provided for the compulsory arbitration of disputes in labor contract negotiations with private voluntary or non-profit-making hospitals and limited review pursuant to CPLR article 75. Concluding that the limited review traditionally afforded by article 75 in cases involving consensual arbitration did not meet due process standards when applied to compulsory arbitration, the Court of Appeals, rather than striking down section 716 of the Labor Law as unconstitutional, extended the scope of review under article 75. The court held (p 508): "CPLR 7511 (subd. [b]), in authorizing review of whether the arbitrator has exceeded his power, by necessary logical extension and without distortion of its literal terms includes review in the case of compulsory arbitration (but only in such case) of whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record. Such a review * * * would have no greater scope". The court further established the test in reviewing the award as whether it was "arbitrary or capricious" and whether it had a "reasonable basis" (*id.,* p 510).

Since it is apparent that the standards for reviewing the compulsory arbitration award herein would be virtually the same under article 75 and article 78 of the CPLR, the question arises as to which article would be more appropriate. Although the real adversaries in these proceedings are the city and APPFA, an article 78 proceeding would necessarily be brought against the panel or PERB rather than against the other party to the contract dispute. The panel consists of three individuals serving on an *ad hoc* basis with no budget to defend its award. To force them to personally bear the costs of such defense seems to place an undue burden upon them, neither contemplated by the statute nor consistent with traditional arbitration procedures. PERB neither reviews nor approves the panel's determination and we see no basis for putting it to the burden of defending the award of this or other such panels. In contrast, a proceeding under CPLR

article 75 for enforcement of the arbitration award would allow the real adversaries to protect their own interests.

We disagree with the conclusion of two courts at Special Term that section 213 of the Civil Service Law specifically provides for article 78 review of a public arbitration panel's award (*Caso v Coffey,* 83 Misc 2d 614; *Matter of Buffalo Police Benevolent Assn. v City of Buffalo,* 81 Misc 2d 172). Section 213 of the Civil Service Law provides that orders of PERB are reviewable under article 78 upon petition of an aggrieved party and enforceable in a special proceeding upon petition of PERB. We find this statute inapplicable because the order of the three-member arbitration panel, one of whom is supplied by but not chosen by PERB, is not an order of PERB.

The next issue to be decided is whether under the standards of review contained in CPLR article 75, as broadened in scope by *Mount St. Mary's Hosp. v Catherwood* (26 NY2d 493, *supra),* the determination of the arbitration panel herein was arbitrary or capricious or lacking reasonable basis in the record. We find that, contrary to the contention of appellants, the panel followed the statutory mandate to consider the financial ability of the public employer to pay among the numerous other factors which it was required to consider in arriving at its determination (Civil Service Law, § 209, subd 4, par [c], cl [v]). We believe that Special Term in the first of above-designated proceedings properly applied the standards of review in reaching its determination in this regard. We see no reason to disturb the panel's attempt to balance the interests of the parties in arriving at an equitable solution.

We find no authority for the city's proposition that it should have been supplied with a transcript of the testimony before the panel in view of its failure to comply with a PERB rule by making a timely request therefor. In any event, the city has not been prejudiced by the lack of a transcript, because the record contains more than sufficient basis for affirmance. We find that PERB fully complied with the statute in supplying "a list of qualified, disinterested persons" (Civil Service Law, § 209, subd 4, par [c], cl [ii]) to serve as panel members.

The order and judgment should be affirmed, without costs.

SWEENEY, J. P., KANE, MAIN and REYNOLDS, JJ., concur.

Order and judgment affirmed, without costs.