John H. Pennock, J.
This is a CPLR article 78 proceeding commenced by the City of Albany against the Public Employment Relations Board, (PERB), Harold Newman, Director of Conciliation, and Jonas Silver, Chairman of a Public Employment Relations Board Arbitration Panel. The city seeks an order declaring the actions of PERB and Newman in placing the name of Jonas Silver on the list of qualified, disinterested persons, as one of those subject to choice to arbitrate a labor dispute between the city and the Albany Police Officers Union as a void, arbitrary, capricious, illegal act and such action as violation of subdivision 4 of section 209 of the Civil Service Law and the Rules of Procedure of PERB. Further, the petitioner city prays for a declaration that the appointment of Jonas Silver as chairman of the compulsory arbitration panel, over objection of the petitioner city was null, void, arbitrary, capricious, illegal and in violation of subdivision 4 of section 209 of the Civil Service Law. The city further seeks a judgment of the court that 4 NYCRR 205.7 (b) enacted by PERB which provides that, "Upon the failure of one party to participate in the selection process, all names on the list shall be deemed acceptable to it”, is illegal, arbitrary, capricious and an abuse of discretion. The city moved for a temporary stay pending the determination of the motion and such application was denied on January 14, 1976.
The Albany Police Officers Union intervened pursuant to a stipulation. The intervenor opposes the petition and basically interposes the same defenses as PERB.
The facts in respect to communications by way of letters are not in dispute and on December 3, 1975, after the city refused to participate in the selection of a neutral arbitration, the union requested PERB to select Jonas Silver as the neutral arbitrator. On December 9, 1975 the city by letter noted its objection to the entire list of arbitrators previously submitted to it and specifically objected to Jonas Silver for reasons set forth in the letter. It requested a new list. PERB took the position that it could only furnish one list pursuant to statute and, therefore, could not honor the city’s request. PERB urges that the city nor any party has no right to review PERB’s judgment as to the qualifications of the persons named on the list.
In accord with the afore-mentioned policy, PERB designated Mr. Jonas Silver as chairman, thus by this act refusing to consider the city’s objections to both Mr. Jonas Silver and the entire list of seven proposed arbitrators. Further, PERB con *478 secutively designated two persons to serve as arbitrators as members associated in interest with the employer city. Both parties refused to serve. PERB then proceeded to initiate the arbitration proceeding with only two persons, Jonas Silver, the public arbitrator and chairman, and the other the choice of the union employee organization.
The threshold question before the court is whether it has the power to entertain the present proceedings in the nature of a certiorari to review the appointing process of PERB in respect to the instant labor dispute. (CPLR art 78). The court determines that it has the power pursuant to article 78 to review orders of PERB if not otherwise prohibited by statute.
This petition when shorn of all the advocacy wool matter is first, an application seeking an order of this court that the action of PERB in naming Jonas Silver as a disinterested public member acted in such a manner that would deny the city a right to an independent and impartial arbitration, and secondly ordering that PERB’s decision in refusing to submit a further list upon request of the city was arbitrary and capricious.
In respect to the first defense of respondents:
The court recognizes the strong judicial policy of infrequent intervention in arbitration disputes. This judicial policy is grounded in public contract arbitrations (Matter of Brookfield Clothes [Rosewood Fabrics], 4 AD2d 458; Matter of Franks [Penn-Uranium Corp.] 4 AD2d 39), and courts even in the absence of specific statutory authority have the inherent power to disqualify an arbitrator before an award has been rendered. (See Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.], 11 NY2d 128, 132.) Recently, the Appellate Division, Second Department, affirmed Supreme Court’s intervention in a private arbitration. (Matter of Siegel v Lewis, 50 AD2d 858.) I see no legal reason why the same rules should not apply to a public sector arbitration under the Taylor Law. The respondents both urge that this proceeding is premature in that no final determination has been made affecting any substantive rights of the petitioners. This defense has no merit. The city must object to the procedures now. A party who engages in the arbitration proceeding and raises issues after the final determination does so at its own peril. (Albany Permanent Professional Firefighters Assn, v Corning, 84 Misc 2d 759, affd 51 AD2d, 386.) There Special Term held that even the failure to demand a written transcript was a waiver and *479 the Appellate Division concurred. A party who, despite his knowledge of facts which may influence an arbitrator’s judgment, proceeds without protection to arbitration waives objection to the arbitrator’s disqualification. (6 CJS, Arbitration, § 66, p 275; also, Matter of Milliken Woolens [Weber Knit Sportswear] 11 AD2d 166.) The city is engaged in public compulsory arbitration and this rule applies to even a greater extent. Therefore, it has to affirmatively state its objection to the rules and the appointment, otherwise it shall have waived its rights. This was also reiterated in a recent PERB case by the Appellate Division. (Matter of Albany Permanent Professional Fireñghters Assn. [Corning], 51 AD2d 386.) The Legislature has the power to provide for arbitration as it has done in section 209 of the Civil Service Law. The constitutionality of the delegation of legislative authority is not questionable in this State. (City of Amsterdam v Helsby, 37 NY2d 19.) But the Amsterdam case does not address itself specifically to the selection of arbitrators and the procedure adopted by PERB in respect to carrying out its statutory duty. Therefore, the petitioner is not premature in this application.
The court addresses itself to the other defenses.
The second affirmative defense is without merit. If the party to an arbitration by its acts, conduct and participation waives any irregularities with respect to appointment of a special arbitrator (Matter of Hines [Ziegfield] 222 App Div 543), for a party to proceed to a hearing following an objection to an appointment will ordinarily be considered a waiver. Therefore, this proceeding is proper. (CPLR art 78).
The third affirmative defense has no merit. The petitioner does allege facts which, if found by the court, would justify the relief requested. The court in the private sector, in an appropriate case, has the inherent power to disqualify an arbitrator before an award has been rendered. (Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.], 11 NY2d 128, supra.) The same rule applies to the public sector controversies, but only to the disinterested public arbitrator.
Now, as to the record before the court in respect to these proceedings. The selected neutral arbitrator sat in a prior police case proceeding, and, inter alia, found that "fair treatment with regard to terms and conditions of employment requires that the dilemma of the City (New Rochelle) not be further compounded by reducing employee morale as if to prove the Victorian pliant, 'the policeman’s lot is not an 'appy *480 one.’ ” The petitioner urges that this should disqualify the choice of PERB. This statement in the decision may very well be gratuitous but it certainly raises the suspicion of a reasonable person that the arbitrator has fixed views in respect to a certain class of parties to the arbitration, but this alone is not sufficient proof that the PERB was arbitrary and capricious in selecting him. He was one of the seven names submitted and his background was listed on information sheets. The PERB opted for his appointment on the basis that upon the failure of one party to participate in the selection process, all names on the list shall be deemed acceptable to it. (4 NYCRR 205.7.) PERB invoked this rule in the present instance and designated Silver. The board explicitly followed the statute and its own rules, however, disregarded the city’s objection to Silver by invoking its rule that all seven were qualified. The Legislature has granted to PERB these unrestrained powers and this court cannot assume the prerogative to legislate even if it disagrees with the results.
The Legislature in section 209 (subd 4, par [c]) of the Civil Service Law, explicitly provided for the formation of the arbitration panel, but it made no provision for the appointment by PERB of a public member if one party refuses to participate. Thus PERB enacted its own rule to meet such a contingency and it has resorted to this rule. Without this rule the entire compulsory arbitration procedure would be frustrated when a party assumes the prerogative not to act. The Legislature intended that PERB have the authority to adopt rules pertaining to its statutory duties. (Civil Service Law, § 205, subd 5, par [1].)
Recently the Appellate Division of the Third Department (Matter of Albany Permanent Professional Fireñghters Assn. [Corning], 51 AD2d 386) entertained a question in respect to some aspects of the list furnished by PERB. In this recent decision the Appellate Division addressed itself to the question of the list as follows (p 390): "We find that PERB fully complied with the statute in supplying 'a list of qualified, disinterested persons’ (Civil Service Law, § 209, subd 4, par [c], cl [ii]) to serve as panel members.”
Just what question was before the Appellate Division is not clear; however, apparently the furnishing of a list of seven names pursuant to the Civil Service Law is appropriate. Whether or not the listing of seven names is sufficient to comply with the statute is the question that the city raises in *481 this proceeding. However, there is nothing in the record before the court to indicate that it is the customary practice in arbitration proceedings either in the private or public sector to submit a greater number than seven names. The court cannot substitute its judgment for that of an administrative body without some evidence of unreasonableness. The court cannot grant such relief purely on the ground of an allegation of a conclusion as made by the petitioner.
The Taylor Law public sector arbitrations are confusing in that the qualified disinterested public arbitrator is not necessarily to be one with an expertise in the field of labor arbitration, but rather an individual who is completely disinterested, and this would seem to be the intent of the legislation. (Civil Service Law, § 209.) It would appear that the public arbitrator casts the deciding ballot in this type of arbitration not unlike private sector arbitrators, except in the private sector the third arbitrator selected by the parties is usually one with an expertise in the field. In public arbitration each of the parties selects an individual who is actually an advocate of his position in respect to the question under arbitration, and the third public arbitrator joins with one or the other depending upon the record before him and acts as the deciding vote.
The statute requires that the public arbitration panel shall make a just and reasonable determination of the matters in dispute, and section 209 lists the necessary ingredients for the arbitrators to follow in making their determination. Any decision which deviates from the guideline is reviewable. The law has a built-in domino theory in that the arbitrators are given the right to make a comparison of wages, hours and conditions of employment of those employees performing a similar service, including public and private employment, the interests and welfare of the public and the financial ability to pay. Such other factors which are normally taken into consideration in determination of wages, hours and conditions of employment, should be considered. Therefore, the employment collective agreements in both the private and public sectors are determinative in these arbitration proceedings under the Taylor Law, and such determinations are not subject to approval of any local legislative body or municipal authority. Further, there is a very limited appeal to the courts. This is the main thrust of the Taylor Law which is unpalatable to local administrators, and for PERB to include in its list of arbitrators the names of arbitrators who have participated in *482 prior wage disputes will eventually lead to an unfair result as to both the employee unions and the city employers, depending upon the policy as set by the public arbitrator in each instance. As unpalatable as this may be to municipalities it is the Legislature that has enacted this law and has spun off the power of the municipalities to set wages to a public arbitrator. The Court of Appeals in the Amsterdam case has held that this type of arbitration is constitutionally valid and this court is constrained at this juncture to deny the petition for the reasons set forth herein. (City of Amsterdam v Helsby, 37 NY2d 19, supra.)