In the Matter of the Arbitration between ALBANY POLICE OFFICERS UNION, LOCAL 2841, COUNCIL 82, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO, Respondent, and CITY OF ALBANY et al., Appellants.

Third Department, January 20, 1977

*John E. Roe, Corporation Counsel (Vincent J. McArdle, Jr.,* of counsel and *Francis Bergan,* special counsel), for appellants.

*Rowley & Forrest, P.C. (Richard R. Rowley* and *Brian J. O'Donnell* of counsel), for Albany Police Officers Union, respondent.

*Martin L. Barr* for Public Employment Relations Board, respondent.

LARKIN, J. On or about November 5, 1975 the Albany Police Officers Union (Union) filed a petition with the Public Employment Relations Board (PERB) requesting compulsory arbitration pursuant to section 209 of the Civil Service Law alleging, *inter alia,* that despite mediation and fact-finding under the auspices of PERB, agreement could not be reached between the Union and the City of Albany (City) with respect to certain terms and conditions of employment of employees in the bargaining unit represented by the Union. By letter dated December 11, 1975 PERB designated the members of

the public arbitration panel which, under section 209 (subd 4, par [c], cl [ii]) of the Civil Service Law is to consist of one member appointed by the public employer, one member appointed by the Union and one member selected jointly by the public employer and the Union, with provision for appointment by PERB of a member associated in interest with one of the parties if either fails to designate its member.

The respondent City refused to select its member of the three-man panel or to participate in the process for selection of the public member of the panel. After one designee chosen to represent the City declined to serve, PERB, by letter dated December 16, 1975, designated appellant Corning to serve as the City's member of the panel. After appellant Corning declined to participate, he was notified by PERB that "[i]f the city of Albany does not choose to participate in the panel proceedings, there is no alternative but for the panel to proceed with two members". Hearings were held before the two-member panel on four separate dates and, although notified of each hearing date, the City was not represented at any of the hearings. Prior to the opening of the final hearing, on April 9, 1976, a representative of the respondent City's corporation counsel's office offered a packet of documents to the chairman of the panel. Despite the fact that these documents were introduced in an irregular manner, without an appearance or any testimony concerning them, the panel ultimately decided to accept them as part of the record and to examine them. The respondent Union, in contrast, introduced numerous documents and presented witnesses in support of its various positions.

The opinion and determination of the panel, issued in June, 1976, granted some of the demands of the respondent Union, but rejected others. The Union thereupon commenced this proceeding, pursuant to CPLR article 75, to confirm the award and to compel the City to comply with its terms. The opposing affidavit of appellant Corning sought to annul the award. Special Term rejected each of the City's arguments, confirmed the award and directed compliance. This appeal ensued.

The scope of judicial review of an award made by a public arbitration panel pursuant to subdivision 4 of section 209 of the Civil Service Law was recently considered by this court in *Matter of Albany Permanent Professional Firefighters Assn., Local 2007, I.A.F.F., AFL-CIO (Corning)* (51 AD2d 386, affd 41 NY2d 153). We concluded that the appropriate vehicle for review-

ing such an award is CPLR article 75 rather than CPLR article 78, and that the test in reviewing the award is whether it is "supported by evidence or other basis in reason, as may be appropriate, and appearing in the record", and further, whether it is "arbitrary and capricious" and has a "reasonable basis" *(id.,* p 389). Our determination was upheld by the Court of Appeals, which held that "the appropriate vehicle for review is article 75". (See, also, *Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY 2d 493.) We conclude that an application of the test set forth in the *Firefighter's Assn.* case to the record herein mandates an affirmance of Special Term's judgment.

Appellants rely upon section 209 (subd 4, par [c], cl [iii]) of the Civil Service Law, which provides that parties "may present, either orally or in writing, or both, statements of fact supporting witnesses and other evidence", in support of the proposition that the arbitration panel failed to accord the City's proof proper status. This argument is without merit. As found by Special Term, the panel "accepted the City's written proof and gave it due consideration". The report contains a summary of the economic problems facing the City, as described in the material, and explains why more weight was given to data other than the City's materials in reaching the conclusion as to the fiscal condition of the City.

Appellants also contend that the arbitrators' conclusion was based upon the erroneous belief that the City could borrow money to pay the salary increases directed, in violation of section 2 of article VIII of the New York State Constitution. The language of the report cited in support of this argument, however, does not necessarily imply that the arbitrators concluded that the City could borrow money to pay salaries, and the report speaks specifically in terms of raising taxes rather than borrowing money.

We also reject appellants' argument that because the size of Albany's police force in relation to the population of the City is much greater than that of the surrounding communities, it was improper to use a comparison of the salaries paid to the police in surrounding communities as a basis for the award. Section 209 (subd 4, par [c], subpar [v]) of the Civil Service Law specifically authorizes such a comparison and, in addition, it appears that the arbitration panel took the high ratio of police to population in the appellant City into account and attempted to seek factors which would be subjected to a minimal effect by such ratio.

The appellants argue that the panel failed to properly take into consideration the City's ability to pay. We note that, as aforesaid, consideration was duly given to the City's documentary evidence, much of which related to the City's fiscal situation, presented to the arbitration panel on the date of the last hearing. Under section 209 (subd 4, par [c], cl [v]) of the Civil Service Law, the public employer's financial ability is only one of several factors which the panel is required to consider "so far as it deems them applicable", along with the wages, hours and conditions of employment of employees with similar skills under similar working conditions and the qualifications, training and hazards peculiar to the positions under consideration. "[I]t need only appear from the decision of the arbitrators that the criteria specified in the statute were 'considered' in good faith and that the resulting award has a 'plausible basis'" *(Matter of Albany Permanent Professional Firefighters Assn., Local 2007, I.A.F.F., AFL-CIO, [Corning]*, 41 NY2d 153, *supra)*. We find that the panel herein considered the statutory criteria for balancing the ability of the City to pay with the interests of the employees and that the award has a "plausible basis".

Appellants' contention that the portion of the award which directs the City to pay Union officials for time devoted to Union business constitutes an unconstitutional gift of public money for private purposes was implicitly rejected by this court in *Matter of City of Albany v Helsby* (48 AD2d 998, affd 38 NY2d 778).

We have examined the remaining arguments advanced by the appellants and find them to be of no merit.

The judgment should be affirmed, with costs.

KANE, J. P., MAHONEY, MAIN and HERLIHY, JJ., concur.

Judgment affirmed, with costs.