Jasen, J.
In 1974, the Legislature amended section 209 of the Civil Service Law so as to provide that disputes arising in the course of collective bargaining negotiations between a public employer and its firemen and policemen are to be submitted to an arbitration panel, established under the jurisdiction of the Public Employment Relations Board (hereinafter "PERB”), for compulsory and binding arbitration. In the first case now before us, City of Amsterdam v Helsby, the city *26 and the collective bargaining representative for its policemen and firemen reached an impasse in their negotiations. The union then sought compulsory and binding arbitration as provided for in the amended section 209. The city, however, refused to participate and initially obtained a temporary restraining order, and thereafter a final judgment, preventing the union and PERB from proceeding to arbitration and declaring these amendments to section 209 to be unconstitutional. Similarly, in the second case, City of Buffalo v New York State Public Employment Relations Bd., the city and the unions representing its policemen and firemen also reached an impasse, and the unions petitioned PÉRB to refer these disputes to an arbitration panel. The city commenced this action in which it sought a judgment declaring section 209, as amended, to be unconstitutional. In this action, however, the trial court granted defendants a judgment declaring the amendments to be constitutional and valid in all respects and dismissed the complaint. Both cases are before us on direct appeals taken as of right.
Several grounds of alleged constitutional infirmity are alleged. The principal ground is that the amendments violate the Home Rule provisions of the State Constitution.
As relevant here, the Home Rule provisions of our Constitution provide in part as follows:
"In addition to powers granted in the statute of local governments or in any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
"(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees”. (NY Const, art IX, § 2, subd [c].)
This section makes it abundantly clear that the Home Rule powers will sustain an exercise of local authority with respect to the regulation of the hours of work, compensation, and so on, of employees of a local government only to the extent that such exercise is not inconsistent with any general law enacted by the Legislature. (Matter of Osborn v Cohen, 272 NY 55, 60; *27 see Temporary State Commission on the [1967] Constitutional Convention, Report No. 13, Local Government, pp 81-82, 85, 89-91, 97.) Certainly, once an impasse is reached and arbitration is sought, an attempt by the local government to establish the hours of work, compensation, and so on, of its policemen and firemen would be entirely inconsistent with the compulsory and binding arbitration procedure established by the Legislature. In such a situation it should be apparent that the local government must yield to the dictates of the arbitration panel convened pursuant to these legislative enactments.
This discussion also necessarily involves a determination that each of these amendments to section 209 is a "general law”. A "general law” in this context is defined as "[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” (NY Const, art IX, § 3, subd [d], par [1].) As the Public Employees’ Fair Employment Act (Civil Service Law, §§ 200-214) is, by its own terms, applicable to all public employers, it is a "general law”. Since neither of the challenged amendments to that law is any narrower in application, it follows that each amendment is itself a "general law”.
The other points advanced by the cities do not merit extensive discussion. Both cities argue that the Legislature has unconstitutionally delegated its legislative authority to the arbitration panel. However, there is no constitutional prohibition against the legislative delegation of power, with reasonable safeguards and standards, to an agency or commission established to administer an enactment. (Martin v State Liq. Auth., 43 Misc 2d 682, 685 [Cooke, J.], affd upon opn rendered at Special Term 15 NY2d 707; see Chiropractic Assn. of N.Y. v Hilleboe, 12 NY2d 109, 120-121, and Matter of City of Utica v Water Pollution Control Bd., 5 NY2d 164.) Here, the Legislature has delegated to PERB, and through PERB to ad hoc arbitration panels, its constitutional authority to regulate the hours of work, compensation, and so on, for policemen and firemen in the limited situation where an impasse occurs. It has also established specific standards which must be followed by such a panel. (Civil Service Law, § 209, subd 4, par [c], cl [v].) We conclude that the delegation here is both proper and reasonable.
The City of Amsterdam additionally argues that the Legislature has unconstitutionally granted the arbitration panel the *28 power of taxation and that the amendments violate the one-man — one-vote principle and, therefore, deny the citizens of Amsterdam equal protection of the law. We have reviewed these arguments and have found them likewise to be without merit.
Accordingly, the judgment in City of Buffalo v New York State Public Employment Relations Bd. should be affirmed. Since City of Amsterdam v Helsby involves a procedural issue as well as the constitutional issue, a direct appeal as of right to the Court of Appeals does not lie. (CPLR 5601, subd [b], par 2.) That appeal should be transferred to the Appellate Division, Third Department. (NY Const, art VI, § 5, subd b.)