Fuchsberg, J.
(concurring). We all agree that the arbitration of the attempted staff reduction here is prohibited neither by express provisions in any relevant statute (see Board of Educ. v Associated Teachers of Huntington, 30 NY2d 122), nor by any "plain and clear” statutory language (see Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, 744), and that that is so irrespective of whether the number of teachers to be maintained on staff as a result of class size specifications is bargainable or not. (See Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY 2d 46.) That being dispositive, I most respectfully suggest that it is a mistake for the majority to write, in restrictive tones and in vague generalities, of public policy "concerns which may be involved, however rarely that may ever be” even though "it does not appear that there is any restrictive policy” involved in this case.
The notion that courts may freely assume the role of arbiters of public policy is a very much exaggerated one. Most especially, they should avoid doing so in the face of a statutory scheme which bespeaks its own policy considerations, public policy having indeed been authoritatively defined as "found in the Constitution, the statutes or judicial records” of our State. (See Mertz v Mertz, 271 NY 466, 472 [Lehman, J.]; 20 Am Jur 2d, Courts §64, pp 430-431.) It can hardly be disputed that legislative concern, activity and enactment are at the heart of the sensitive and growing field of labor relations in the public sector, not only in New York, but throughout the Nation. (See City of Amsterdam v Helsby, 37 NY2d 19 [concurring opn].)
Pragmatically, I also believe that the public policy pronouncements made by the majority hold out an "open sesame” of hope to those who would have the courts contravene the well-recognized statutory preference for bargaining and arbitration (Civil Service Law, § 200, subd [c]; see Matter of Associated Teachers of Huntington v Board of Educ., 33 NY2d 229, 236) and will but encourage proliferation of litigation rather than composition of differences in public employment disputes.
Judges Jasen, Gabrielli and Jones concur with Chief Judge Breitel; Judge Fuchsberg concurs in a separate opin *619 ion in which Judge Wachtler concurs; Judge Cooke taking no part. .
Order affirmed.