■ ARTHUR D. LITTLE, as President of the Board of Education of the Liverpool Central School District, Appellant, v MARY WILLIS et al., Respondents.—Order unanimously affirmed, without costs, Simons, J., not participating. Memorandum: Following the submission of her resignation and its acceptance by the board of education, but prior to its effective date, defendant Willis filed a grievance against the board pursuant to the provisions of a collective bargaining agreement. This grievance was subsequently denied at the first two stages of the contractual grievance procedure. While an appeal to the full board of education was pending, the president of that board instituted this action seeking a declaration that, by virtue of her resignation, Willis was not an employee on the date that she filed the grievance and was thus not covered by the collective bargaining agreement. The court converted the action for declaratory judgment into an application to stay arbitration, denied that stay and granted defendants' motions to dismiss the complaint and to compel arbitration. Where, as here, "a collective bargaining agreement contains an arbitration clause, disputes arising thereunder are presumptively arbitrable in the absence of clear contractual language to the contrary [citations omitted]. This rule applies to both procedural and substantive matters alike [citations omitted]" *(Belmont Cent. School Dist. v Belmont Teachers Assoc.,* 51 AD2d 653, 654). Since the agreement in the instant case contained no such express exclusion with respect to the issue of a person's status as an employee, that question was one for the arbitrator to determine. While an action for declaratory judgment may be used to determine a party's status, a court in its discretion should nevertheless decline to exercise jurisdiction over such an action in favor of the contractual arbitration provisions *(Adroit Metal Prod. v Young's Windows of Amer.,* 279 App Div 580). Inasmuch as the court properly declined jurisdiction in the instant case, its dismissal of the action without declaring the rights of the parties was also proper. Nor do we find error in the court's *sua sponte* conversion of the declaratory judgment action into a motion for stay of arbitration. Plaintiff originally commenced this action in the hope of reaching a determination on Willis' status without the necessity of arbitration. Since the form of that action, however, was improper in light of the terms of the arbitration clause and since a motion to stay arbitration furthered plaintiff's original intent, the conversion was justified (see CPLR 103, subd [c]). Plaintiff's sole argument in support of the motion to stay arbitration is that there was no valid agreement between the parties to resolve the grievances of former employees. This argument, however, goes to the scope of the bargaining agreement and since there is no dispute in the record that a valid collective bargaining agreement did, in fact, exist between the board and the teachers association, the denial of plaintiff's stay was proper (see CPLR 7503, subd [b]). We have examined defendants' final contention relating to the fact that defendants' motion to compel arbitration was premature and under the facts of this case find it to be without merit. In view of our affirmance we do not reach the issue of whether Willis' resignation effectively terminated her employment with the board since that issue should be determined by the arbitrator. (Appeal from order of Onondaga Supreme Court—arbitration.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.