

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 29, 1977

The Honorable Eddie Bernice Johnson
Chairperson
Labor Committee
House of Representatives
Austin, Texas 78767

Opinion No. H-965

Re: Constitutionality
of Fire and Police
Employee Relations
Act.

Dear Chairperson Johnson:

You have requested our opinion concerning whether article 5154c-1, V.T.C.S., is an unconstitutional delegation of authority. Article 5154c-1 provides for collective bargaining by police and fire employees where authorized by the voters of a political subdivision. Sec. 5. Section 10 provides for voluntary arbitration in the event of an impasse, and section 16 provides for judicial action when a political subdivision elects not to submit an impasse to arbitration. Section 20(b) states that a collective bargaining contract shall take precedence over state and local civil service provisions where the contract so provides. Thus, in the event of an impasse, the act provides for a delegation of the authority to fix the terms of employment to an arbitration board or the judiciary.

Section 11 of article 5154c-1 provides for the voluntary selection of an ad hoc arbitration board to resolve an impasse; its provisions operate independently of the General Arbitration Act. V.T.C.S. art. 239, et seq. While we have discovered no Texas cases dealing with such a delegation, the rulings of courts of other states have been held applicable to Texas "on the subject of delegation of legislative power." Trimmier v. Carlton, 296 S.W. 1070, 1079 (Tex. 1927).

The validity of collective bargaining statutes requiring compulsory, binding arbitration for public employees has recently been examined by the courts of several states. Such statutes have been generally upheld against attacks based upon an alleged unlawful delegation of authority to ad hoc arbitration panels. Town of Arlington v. Board of

Conciliation and Arbitration, 352 N.E.2d 914 (Mass. 1976); City of Spokane v. Spokane Police Guild, 553 P.2d 1316 (Wash. 1976); City of Amsterdam v. Helsby, 332 N.E.2d 290 (N.Y. 1975); City of Warwick v. Warwick Regular Firemen's Assoc., 256 A.2d 206 (R.I. 1969); State v. City of Laramie, 437 P.2d 295 (Wyo. 1968). In City of Biddeford v. Biddeford Teacher's Assoc., 304 A.2d 387 (Me. 1973), the court ruled that such a delegation would be lawful where sufficient standards are given for the exercise of the delegated authority, but held the act before it unconstitutional for lack of such standards. In Dearborn Fire Fighters Union No. 412 v. City of Dearborn, 231 N.W.2d 226 (Mich. 1975), the four judges split evenly on the question of whether such a delegation could be made to an ad hoc arbitration panel. The only courts which have held such a delegation to be unconstitutional regardless of standards have done so pursuant to constitutional provisions not contained in the Texas Constitution. Greeley Police Union v. City Council of Greeley, 553 P.2d 790 (Colo. 1976); City of Sioux Falls v. Sioux Falls Firefighters, 234 N.W.2d 35 (S.D. 1975); Erie Firefighters Local No. 293 v. Gardner, 178 A.2d 691 (Pa. 1962). Accordingly, the great weight of authority among courts dealing with constitutions similar to that of Texas is that such a delegation is proper where sufficient standards are provided. Of course, such standards are clearly necessary under Texas law. See, e.g., Housing Authority of City of Dallas v. Higginbotham, 143 S.W.2d 79 (Tex. 1940); Attorney General Letter Advisory No. 42 (1973).

In light of the authorities concerning compulsory arbitration, it is our opinion that the courts of Texas would uphold the voluntary arbitration and collective bargaining provisions of article 5154c-1 so long as sufficient standards have been provided. Section 4 of the act provides that political subdivisions shall provide firemen and policemen with "compensation and other conditions of employment . . . . which prevail in comparable private sector employment. . . ." Section 13(a) provides that an arbitration panel is to consider "hazards of employment, physical qualifications, educational qualifications, mental qualifications, job training, and skills," among other factors, in reaching a decision. We believe it clear that such arbitrators should likewise consider the standard provided in section 4, supra. These standards are substantially identical to those found sufficient in the aforementioned authorities. See Town of Arlington v. Board of Conciliation and Arbitration, supra; City of Amsterdam v. Helsby, supra; City of Warwick v. Warwick

Regular Firemen's Assoc., supra.  Accordingly, in our opinion sufficient standards have been provided for the exercise of authority by an arbitration board convened pursuant to article 5154c-1 and the delegation of such authority is constitutional.

Section 16 of article 5154c-1 provides that in the event a political subdivision elects not to arbitrate, the collective bargaining association may bring an action in district court and that the court

> shall have full power, authority, and jurisdiction to enforce the requirements of Section 4 hereof as to any unsettled issue relating to compensation and/or other terms and conditions of employment for firefighters and/or policemen.

If the court finds the political subdivision to be in violation of section 4, it "shall . . . declare the compensation and/or other terms and conditions of employment required by Section 4 . . . ."

As previously noted, section 4 provides for:

> compensation and other conditions of employment that are substantially the same as [those] . . . which prevail in comparable private sector employment. . . .

The fixing of salaries and terms of employment is a legislative or administrative act.  Highway Commission v. El Paso Building and Construction Trades Council, 234 S.W.2d 857 (Tex. 1950); Taxpayers' Assoc. of Harris County v. City of Houston, 105 S.W.2d 655 (Tex. 1937).  See Tex. Const. art. 3, § 44.  We have found no Texas case in which a court has fixed compensation and other terms of employment.  See Austin Fire and Police Departments v. City of Austin, 228 S.W.2d 845 (Tex. 1950); Fire Department of City of Fort Worth v. City of Fort Worth, 217 S.W.2d 664 (Tex. 1949).  In our view, the fixing of compensation is analogous to rate-setting. It is well established that the doctrine of separation of powers precludes a court from setting rates; it may only re- view the rates set to determine their legality.  State v. Southwestern Bell Telephone Co.,. 526 S.W.2d 526 (Tex. 1975); Daniel v. Tyrrell and Garth Investment Co., 93 S.W.2d 372 (Tex. 1936); Missouri, K. & T. Railway Co. v. Empire Express

Co., 221 S.W. 590 (Tex. Comm'n App. 1920, jdgmt. adopted). The courts have required a certain rate only under statutory provisions requiring equality of rates and evidence of a certain rate charged by one of the parties to others.  Edinburg Irrigation Co. v. Paschen, 223 S.W. 329 (Tex. Civ. App. -- San Antonio 1920), aff'd, 235 S.W. 1088 (Tex. Comm'n App. 1922, judgmt. adopted).

While section 4 of article 5154c-1 requires "substantially the same" compensation as that prevailing in the private sector, this standard falls far short of the preciseness of the requirements enforced in Edinburg.  A standard quite similar to that of section 4 was involved in City and County of San Francisco v. Cooper, 534 P.2d 403 (Calif. 1975), which involved a challenge to the legality of an ordinance which set the compensation and terms of employment for public employees.  The court began its analysis by noting that the ordinance was "clearly legislative in nature."  Id. at 411.  The court explained:

> In addition, because a fair prevailing
> wage determination may take into account
> many component elements - such as various
> fringe benefits - which are frequently
> not susceptible to precise appraisal, a
> substantial measure of legislative dis-
> cretion is inevitable.  Id. at 417.

See Christy-Dolph v. Gragg, 59 F.2d 766 (W.D. Tex. 1932).

Consequently, when a district court sets the terms and conditions of employment in accordance with section 4 of article 5154c-1, it inevitably exercises legislative discretion.  Such an exercise of legislative powers by the judiciary is specifically prohibited by article 2, section 1 of the Texas Constitution.  See Key Western Life Insurance Co. v. State Board of Insurance, 350 S.W.2d 839 (Tex. 1961); Texas Vending Comm'n v. Headquarters Corp., 505 S.W.2d 402 (Tex. Civ. App. -- Austin 1974, writ ref'd n.r.e.); Southern Prison Co. v. Rennels, 110 S.W.2d 606 (Tex. Civ. App. -- Amarillo 1937, writ dism'd).  Accordingly, in our opinion, section 16 of article 5154c-1 unconstitutionally delegated legislative power to the judiciary.

## S U M M A R Y

The delegation of authority to an arbitration board to fix compensation and other terms of employment under article 5154c-1 is constitutional.  The delegation of such authority to the judiciary by section 16 of article 5154c-1 violates article 2, section 1 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml