Cooke, J. (dissenting).
I dissent and vote to modify the order of the Appellate Division. The matter should be remit *739 ted to the Supreme Court for modification of the judgment so as to declare that paragraph (1) of section 1 of Resolution No. 210 of 1976 of the Monroe County Legislature is partially invalid and unlawful, as herein indicated.
The facts are simple and it is respectfully submitted that the legal resolution is ¡evident.
On June 30, 1976 the County Legislature of Monroe County adopted its Resolution No. 210 of 1976, entitled "AUTHORIZING AND DIRECTING A TEN DAY FURLOUGH WITHOUT PAY PROGRAM FOR ALL COUNTY OFFICERS AND EMPLOYEES AND OTHER ACTION TO BE TAKEN BY THE ADMINISTRATION IN ORDER TO REDUCE EXPENDITURES IN THE 1976 BUDGET.” So far as relevant, it provided:
"BE IT RESOLVED BY THE LEGISLATURE OF THE COUNTY OF MONROE, as follows:
"Section 1. Because of the legal and economic necessity of reducing expenditures in the 1976 Monroe County Budget, the County Manager is hereby authorized and directed to take the following actions:
"(1) Implement and administer a ten day work day furlough without pay program for all county officers and employees for the remainder of 1976.”
It is to be noted that this resolution applies to "all county officers and employees”.
Various flags fly in warning against action such as that taken by the County Legislature. (1) The State Constitution (art IX, § 2, subd [c]) provides in part:
"(c) In addition to powers granted in the statute of local governments or in any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
"(1) The powers, duties, qualifications, number, mode of *740 selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees” (emphasis added).[1]
This court recently held that this section of our Constitution "makes it abundantly clear that the Home Rule powers will sustain an exercise of local authority with respect to the regulation of the hours of work, compensation, and so on, of employees of a local government only to the extent that such exercise is not inconsistent with any general law enacted by the Legislature” (City of Amsterdam v Helsby, 37 NY2d 19, 26). (2) Section 10 of the Municipal Home Rule Law, entitled "General powers of local governments to adopt and amend local laws”, states in part in subdivision 1:
"1. In addition to powers granted in the constitution, the statute of local governments or in any other law,
"(i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government and,
"(ii) every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
"a. A county, city, town or village:
"(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees” (emphasis added).
(3) Subject to the New York Constitution and the Civil Service Law but notwithstanding the provisions of any other general law or of any special law to the contrary, the compensation of all employees paid from county funds shall be fixed by the board of supervisors[2] (County Law, § 205). (4) Subject to the *741 New York Constitution and general laws of this State and to the rules and regulations made pursuant thereto, the board of supervisors may fix the number of hours constituting a legal day’s work for all classes of employees of the county (County Law, § 206). (5) Rather significantly, nothing in the County Law shall be deemed to affect, impair or supersede the provisions of the Civil Service Law nor the civil service and retirement rights of any officer or employee (County Law, § 1001, subd 9).
Resolution 210 is invalid and contrary to law in detached respects. First, as to county employees in the competitive class, those having tenure, the action of the County Legislature in directing that they be furloughed (in reality suspended or laid off) without abolition or reduction of positions, is inconsistent with section 80 of the Civil Service Law.[3] That section, entitled "Suspension or demotion upon the abolition or reduction of positions”, in part provides: "1. Suspension or demotion. Where, because of economy, consolidation or abolition of functions, curtailment of activities or otherwise, positions in the competitive class are abolished or reduced in rank or salary grade, suspension or demotion, as the case may be, among incumbents holding the same or similar positions shall be made in the inverse order of original appointment on a permanent basis in the classified service in the service of the governmental jurisdiction in which such abolition or reduction of positions occurs, subject to the provisions of subdivision seven of section eighty-five of this chapter [which subdivision deals with certain preferences in retention upon the abolition of positions]”. Section 80 thus makes the abolition or reduction of positions a sine qua non before there can be a suspension of those holding tenured positions in the competitive class. This conclusion was arrived at in a 1976 opinion of the Attorney-General:
"The question remains, however, whether it is permissible to accomplish the necessary economies, under similar circumstances, by the suspension of employees without the abolition of their positions. It has been suggested that this alternative *742 of vacating but not abolishing positions reaches the same result by simpler means.
"In view of the fact that the Civil Service Law makes express provisions for those cases in which tenured employees may be suspended (e.g., §§ 72, 75 [3]) and makes no provision for suspension for economy reasons except in the context of abolition (i.e., § 80) I must conclude that abolition of positions is a necessary prerequisite, I find nothing to support a contrary view.” (1976 Opns Atty Gen 7-8.)
Where suspensions or layoffs are regulated by statute, the procedure provided by the statute must be strictly followed (Kaplan, Law of Civil Service [1958], p 207).
Secondly, the County Legislature had no authority to diminish the compensation of all "county officers”. Section 7 of article XIII of the State Constitution specifically provides that the compensation of each of the State officers named in said Constitution shall not, during such officer’s continuance in office, be diminished during the term for which he shall have been elected or appointed.[4] Furthermore, section 201 of the County Law provides in part: "The salary of any such officer [all officers paid from county funds, except the members of the judiciary] elected or appointed for a fixed term shall not be * * * diminished during the term of his office * * *. The compensation of a county officer appointed for an indefinite term may be * * * diminished at any time.”
Therefore, in summary, Resolution No. 210 of 1976, as adopted by the County Legislature of Monroe County, is invalid as to county employees in the competitive class having tenure, as indicated in section 80 of the Civil Service Law.[5] It is also invalid as to those county officers who are State officers named in the State Constitution and as to those county officers paid from county funds, except members of the judiciary, who are elected or appointed for a fixed term, as indicated in section 7 of article XIII of the State Constitution and section 201 of the County Law. There should, therefore, be a remittal to Supreme Court for modification of its judg *743 merit so as to declare said resolution invalid and unlawful in these respects.
It is well recognized that the incidents of economic stress in local government are commonplace and likely to continue. Since the underlying controversy here is of a character likely to recur in the future and since local governments, their officers and employees are in need of guidance, review should not be declined on the ground of mootness (see Matter of Carr v New York State Bd. of Elections, 40 NY2d 556, 559). Because of the time necessarily required for appeal, a declaration of mootness is in effect the denial of an appeal in an important area of the law and, if continued ad infinitum, will result in lasting uncertainty and frustration, analogous in some ways to denial of standing, long a beast of the law.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Cooke dissents and votes to retain jurisdiction and modify in a separate opinion.
Order reversed, etc.

. When used in article IX of the State Constitution, a "local government” includes a county (NY Const, art IX, § 3, subd [d], par [2]).

. The term "board of supervisors” means the elective governing body of a county, by whatever name designated (General Construction Law, § 13-b).

. In Jones v Metropolitan Life Ins. Co. (156 Pa Super 156, 165), the Pennsylvania Superior Court stated: "Furlough is usually used in granting a temporary leave of absence to one in the armed service of the country, or a governmental official or an employee. Like leave of absence, it indicates some voluntary act on the part of the employee, as contrasted with the phrase 'lay-off which contemplates action by the employer.”

. For example, the offices of District Attorney, County Clerk and Sheriff have been held to be constitutional State offices (see, e.g., 1 Opns St Comp, 1945, p 53; 1965 Opns Atty Gen 190; see, also, NY Const, art VI, § 25, as to certain judicial positions).

. Temporary or provisional appointees, though in a sense holding positions in the competitive class, are entitled to none of the advantages secured by period of tenure or permanency under the Civil Service Law or rules adopted pursuant thereto (see Koso v Greene, 260 NY 491, 494).