[No. 18170–0–I.   Division One.   June 15, 1987.]

THE CITY OF LYNNWOOD, ET AL, *Appellants,* v.
SNOHOMISH COUNTY, ET AL,
*Respondents.*

*Levy S. Johnston,* for appellants.

*Seth R. Dawson, Prosecuting Attorney,* and *John Dalton, Deputy,* for respondents.

PITT, J.*—Appellants brought this action seeking injunctive relief and a declaratory judgment that RCW 29.07.030 is invalid. The trial court denied the relief requested. We affirm.

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

FACTS

On November 26, 1985, a number of cities and two residents of Snohomish County, including appellants herein, brought this declaratory judgment action seeking a declaration that RCW 29.07.030 violates the equal protection guaranties of the United States and Washington Constitutions. Appellants filed the action when the Snohomish County Auditor advised the cities and towns of Snohomish County of his intent to seek reimbursement for the cost of voter registration in their jurisdictions. The costs contemplated by the auditor included the actual costs of voter registration and registered voter file maintenance for the residents of cities and towns located within the county.

Prior to 1971, cities, towns and counties were each responsible for creating and maintaining their own voter registration records. However, beginning in 1965, the Legislature passed a series of laws which consolidated the functions of voter registration in the hands of the various county auditors. RCW Title 29. In order to reimburse county auditors and their counties for the costs involved in effectuating the voter registration scheme, the Legislature enacted RCW 29.07.030, which provides as follows:

> The expense of registration in all rural precincts shall be paid by the county; in all precincts lying wholly within a city or town by the city or town. In precincts lying partly within and partly outside of a city or town, the expense of registration shall be apportioned between the county and city or town according to the number of voters registered in the precinct living within the city or town and the number living outside of it.

Based upon this statute, respondent Snohomish County sought reimbursement for the actual costs of the voter registration and file maintenance for the residents of cities and towns within the county. It is this action appellants seek to enjoin.

Appellants argued below that (1) RCW 29.07.030 violates the equal protection amendment to the United States and Washington Constitutions; (2) the registration expense to

be paid is invalid because it is a tax rather than a fee; and (3) the "tax" is an indirect poll tax and is therefore unconstitutional. The trial court rejected these arguments, and this appeal followed.

Since appellants have not assigned error to the trial court's findings of fact, we will accept those findings as verities, *State v. Mason*, 31 Wn. App. 41, 639 P.2d 800 (1982), and will determine whether the trial court's legal conclusions are correct and/or supported by the unchallenged findings of fact.

We first consider whether RCW 29.07.030 violates either the United States or Washington Constitutions. Appellants contend the equal protection provisions of our federal and state constitutions are violated by RCW 29.07.030. This contention is apparently based upon the belief that the statute requires the residents of cities and towns to pay the expense of registration twice, whereas residents in the county outside cities and towns pay but once. Specifically, appellants believe that all real estate owners within the county pay for registration expenses in their property tax payments. Therefore, if cities and towns must reimburse the county for the cost of registering voters residing in cities and towns, then the real estate owners in the cities and towns are being taxed twice for the cost of registration. However, nothing in the record supports appellants' assumption that the county uses a county property tax to collect the expenses of registration. The record contains no audit trail or other evidence showing double payment by property owners in cities and towns. In the absence of any facts demonstrating double payment or the potential therefor, the trial court properly refused to award the relief requested.

■ Appellants also argue that the reimbursement procedure constitutes a tax rather than a fee, and that the tax is unconstitutional because it is not uniformly applied. Again, appellants have failed to point to any evidence that the alleged tax will be applied in a manner to cause double payment by residents of cities and towns. Furthermore, a

review of the record and the relevant Washington law shows that the reimbursement procedure is a fee, not a tax. Washington courts have held "if the primary purpose of legislation is regulation rather than raising revenue, the legislation cannot be classified as a tax even if a burden or charge is imposed." *Spokane v. Spokane Police Guild,* 87 Wn.2d 457, 461, 553 P.2d 1316 (1976); *Hillis Homes, Inc. v. Snohomish Cy.,* 97 Wn.2d 804, 809, 650 P.2d 193 (1982). The relevant statutes show that the reimbursement procedure is meant to pay actual costs of specific regulatory actions, *i.e.,* voter registration and file maintenance. In addition, the funds collected are deposited in a specific budgetary fund and not the general fund of the county. Therefore, the reimbursements are a fee, not a tax.

▮ Finally, appellants argue that the reimbursement procedure is an indirect poll tax. However, appellants have failed to point out how the reimbursement procedure constitutes any impediment to an individual's right to vote or ability to participate in an election. Thus, we must reject the argument that the reimbursement procedure constitutes a poll tax. *See Harper v. Virginia Bd. of Elections,* 383 U.S. 663, 16 L. Ed. 2d 169, 86 S. Ct. 1079 (1966).

▮ Respondents seek an award of fees on appeal pursuant to RAP 18.9 arguing that this appeal is frivolous. For purposes of RAP 18.9, an appeal is considered frivolous when it presents no debatable issues and is so devoid of merit that there is not a reasonable possibility of reversal. *Streater v. White,* 26 Wn. App. 430, 613 P.2d 187 *review denied,* 94 Wn.2d 1014 (1980). We find the appeal is not frivolous as judged by the standard.

Affirmed.

CALLOW and COLE, JJ. Pro Tem., concur.