■ RICHARD RHINESTONE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In a purported special proceeding, inter alia, for a judgment declaring the petitioner's rights in an arbitration proceeding, the New York City Transit Authority and John Zuccotti appeal from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated September 9, 1986, as granted that branch of the petition which was for a judgment declaring that the petitioner is entitled to have the minutes of an arbitration proceeding stenographically recorded.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the petition is dismissed.

A collective bargaining agreement between the petitioner's union and the appellant New York City Transit Authority (hereinafter the Transit Authority) provides that employee disciplinary grievances shall be resolved by a four-step grievance procedure, the last step of which is a hearing before the

contractually designated arbitrator, the appellant John Zuccotti. The agreement also provides that "[n]o transcript of the arbitration hearing shall be required". At the outset of the arbitration step of a grievance filed by the petitioner, Zuccotti ruled that, absent the consent of the Transit Authority, he would not allow stenographic transcription of the hearing, even if the petitioner were to pay for it.

The petitioner obtained an adjournment of the arbitration hearing and commenced this purported multifaceted proceeding for declaratory relief, including a declaration that he is entitled as of right to have the arbitration proceeding stenographically recorded. In response, the appellants cross-moved for dismissal of the entire petition for failure to state a claim upon which relief can be granted *(cf.,* CPLR 3211 [a] [7]; *see,* CPLR 404 [a]). The Supreme Court granted the appellants' motion "except as to the use of a stenographer at the hearing, wherein Petitioner shall have the right to have the arbitration proceeding stenographically recorded at his own expense" *(but see, Matter of Reale,* 54 AD2d 1039; *Matter of Shapiro [Gordon],* 197 Misc 241, *mod* 277 App Div 927; *Matter of Andersen Trading Co. v Brimberg,* 119 Misc 784; *cf., Bernhardt v Polygraphic Co.,* 350 US 198, 203-204, n 4).

We conclude that the Supreme Court, which did not formally convert the proceeding to an action for declaratory judgment *(see,* CPLR 103), erroneously entered a declaration concerning the petitioner's right to stenographically record the arbitration proceeding *(cf.,* CPLR 3212). It should have declined to exercise jurisdiction over the claim presently at issue *(see,* CPLR 3001) in deference to the pending arbitration proceeding *(see, Little v Willis,* 55 AD2d 854; *cf., Matter of Silverman [Benmore Coats],* 61 NY2d 299; CPLR 7511 [b]). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.