[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTIONS TO DISMISS
The plaintiff has brought this action for a declaratory judgment as the result of an adverse evidentiary ruling made by the defendant Board of Arbitration and Mediation prior to a hearing on the merits of two grievances filed by the defendant, Local 1237 of the Waterbury Police Union, Council 15, relating to the suspension of a Waterbury police officer. The ruling, which was requested by both parties, was that certain non-eyewitness testimony of police officers who were to be called as witnesses in the course of the hearing would be excluded by the board based on its interpretation of the criminal erasure statute, 54-142a of the General Statutes.
The plaintiff's complaint (paragraphs 9 and 10) alleges that it "has exhausted all available administrative remedies", and that this court has jurisdiction under 4-175 of the UAPA and 52-29 of the General Statutes. The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction because neither of the statutory provisions that the plaintiff relies on gives the court jurisdiction to intervene at this stage of the arbitration proceedings.
Under 4-175 of the General Statutes a party to an administrative proceeding cannot seek a declaratory judgment in the superior court unless a petition for a declaratory ruling has first been filed with the agency pursuant to4-176(a). Although the plaintiff concedes that no such ruling was requested as required by the statute, it argues that the board itself suggested in its finding that if either party to the proceedings believed that it would be prejudiced in that party's presentation of its case, the board's preliminary evidentiary determination "should be brought to the appropriate judicial forum prior to proceeding with future hearings on the case."
An essential pre-condition to judicial review of a declaratory ruling under the UAPA is that a petition requesting such a ruling be made to the agency and that such a ruling be issued, or in the alternative, that the agency CT Page 8375 does not exercise its discretionary authority to do so. Beck v. Board of Trustees, 32 Conn. Sup. 153, 155. A party should not be permitted to bypass the process provided under the statute because one of the purposes of the UAPA "was to permit agencies to decide questions of law and to designate [them as well as the court] as the principal forums for declaratory relief." Connecticut Life Health Insurance Guaranty Assn. v. Jackson, 173 Conn. 352 at 359.
The plaintiff argues that even if the UAPA does not furnish a jurisdictional basis for its complaint, the court must nevertheless proceed "to declare rights and other legal relations" as requested in its complaint pursuant to 52-29 of the General Statutes.
Where the parties have agreed to submit to grievance procedures and to arbitrate the issues raised by such grievances under a labor contract "[t]hey have not contracted for a judicial preview of the facts and the law." Buffalo Forge Co. v. United Steelworkers of America, 428 U.S. 397, 411
(1976). When the only basis for a request for judicial intervention in arbitration proceedings is that the arbitrators may have made a mistake, the court must follow the general policy of favoring arbitration in that only unusual circumstances will "justify judicial action to prevent arbitration from taking the course agreed upon by the parties . . .". McCloskey Co. v. American Arbitration Assn., 175 Conn. 475 at 477.
A preliminary ruling by an arbitration panel does not constitute a judicially reviewable award because the subject of the arbitration, the disposition of the grievance, remains unresolved. Naugatuck v. AFSCME, 190 Conn. 323, 325-26. The court should decline to exercise its jurisdiction by way of a declaratory judgment which is particularly inappropriate where a preliminary ruling is made by the arbitrator as to a procedural or an evidentiary issue. Rhinestone v. New York city Transit Authority, 530 N.Y.S.2d 227, [530 N.Y.S.2d 227], (1988).
For the foregoing reasons, the defendants' motions to dismiss are granted.
Hammer, J. CT Page 8376