OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner City of Utica argues that, as applied to the facts of this case, Civil Service Law § 209-a (1) (e) violates the home rule provisions of the State Constitution (NY Const, art IX, § 2) by depriving the City of control over the staffing of its fire department. We disagree.
Under article IX, § 2 of the State Constitution, the Legislature has the authority to enact a “general law” relating to the property, affairs or government of local governments (NY Const, art IX, § 2 [b] [2]). A “general law” is defined as “[a] law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages” (NY Const, art IX, § 3 [d] [1]).
Civil Service Law § 209-a (1) (e) provides that upon the expiration of a collective bargaining agreement, a public employer shall continue all the terms of an expired agreement until a new agreement is negotiated. The statute is by its terms a general law; it applies to all public employers (NY Const, art IX, § 3 [d] [1]; City of Amsterdam v Helsby, 37 NY2d 19, 27; see also, Association of Surrogates & Supreme Ct. Reporters v State of New York, 79 NY2d 39, 45). Accordingly, the Legislature did not violate the home rule provisions of article IX, § 2 in its enactment of Civil Service Law § 209-a (1) (e).
The City’s reliance on City of New York v Patrolmen’s Benevolent Assn. (89 NY2d 380) is misplaced. That case involved a “special law” that had been enacted without a home rule mes *966 sage, in violation of article IX, § 2 (id., at 388). As we noted in that case, where a special law is enacted without a home rule message, it cannot withstand constitutional scrutiny unless “ ‘the subject matter of the statute is of sufficient importance to the State generally to render it a proper subject of State legislation’” (id., at 389). Here, the statute under consideration is a general law; the City’s attempt to subject the statute to special law analysis through an “as applied” argument is unavailing and unprecedented.
We have examined petitioner’s remaining contentions and find them to be without merit.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Order affirmed, with costs, in a memorandum.