EDWARD A. HANNA, as Mayor of City of Utica, et al., Appellants-Respondents, v ANTHONY ZUMPANO, as President of Utica Professional Firefighters Association, Local 32, International Association of Firefighters, AFL-CIO-CLC, Respondent-Appellant. In the Matter of the Arbitration between CITY OF UTICA, Appellant-Respondent, and ANTHONY ZUMPANO, as President of Utica Professional Firefighters Association, Local 32, International Association of Firefighters, AFL-CIO-CLC, Respondent-Appellant. [701 NYS2d 553] —Appeal unanimously dismissed and on cross appeal order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We dismiss the appeal of plaintiff/petitioner City of Utica and its Mayor, plaintiff Honorable Edward A. Hanna (collectively City). Although Supreme Court purported to dismiss the City's petition for a stay of arbitration and action for declaratory judgment, the court nonetheless granted the relief requested by the City. Thus, the City is not an aggrieved party (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, 841).

With respect to the cross appeal, we conclude that the parties agreed to arbitrate this dispute and thus that the court erred in declaring the rights of the parties. "While an action for declaratory judgment may be used to determine a party's

status, a court in its discretion should nevertheless decline to exercise jurisdiction over such an action in favor of the contractual arbitration provisions" (*Little v Willis,* 55 AD2d 854). Here, there is a "reasonable relationship between the subject matter of the dispute and the general subject matter" of the collective bargaining agreement between the City and defendant/respondent, and the agreement defines a grievance broadly, as "any controversy, dispute or difference between the parties arising out of the interpretation or application of this agreement" (*Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132, 143). Thus, we conclude that the parties agreed to arbitrate this dispute.

The court should have refused to address as premature the issue whether an arbitration award of back pay for laid-off firefighters would be against public policy. Although we have the power to vacate an award if it is violative of a strong public policy (*see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308), "[w]e will not presume in advance of arbitration that the arbitrator will exceed his powers * * * or fashion a remedy which will violate public policy" (*Board of Educ. v Civil Serv. Empls. Assn.,* 78 AD2d 999, 1000). Nor has the City made a showing that the sole matter sought to be submitted to arbitration is clearly beyond the arbitrator's power to grant some relief (*see, Matter of Silverman [Benmor Coats], supra,* at 309).

The court also erred in ruling that the City was currently in compliance with the agreement. Although the City averred "upon information and belief" in its submissions that it came into compliance after the Court of Appeals issued its decision in *Matter of City of Utica* (*Zumpano*) (91 NY2d 964), the submissions of defendant/respondent controvert that fact. Thus, that is also an issue for arbitration.

We modify the order, therefore, by vacating the third ordering paragraph. (Appeals from Order of Supreme Court, Oneida County, Tenney, J.—Arbitration.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.