■ In the Matter of the Arbitration between TOWN OF EVANS, Appellant-Respondent, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 41, Respondent-Appellant. [775 NYS2d 668]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Barbara Howe, J.), entered September 2, 2003. The order denied the petition to stay arbitration, granted the counterclaim to compel arbitration, and denied the requests of petitioner and respondent for attorney's fees and sanctions.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs to respondent.

Memorandum: Petitioner terminated Elmar Kiefer from his position as accountant for alleged incidents of sexual abuse and for misusing petitioner's resources for matters unrelated to petitioner's business. Respondent filed a grievance on Kiefer's behalf, which petitioner denied. Respondent then filed a demand to arbitrate the grievance in accordance with the procedures set forth in the parties' collective bargaining agreement. Petitioner commenced this proceeding seeking a stay of arbitration and respondent asserted a counterclaim seeking an order compelling

petitioner to arbitrate. Supreme Court properly denied the petition with prejudice and granted the counterclaim to compel arbitration. Petitioner contends that arbitration of the grievance is against public policy because the arbitrator might reinstate Kiefer to his position, and thus give approval to sexual harassment and abuse of petitioner's resources. That contention is premature, however, because " '[w]e will not presume in advance of arbitration that the arbitrator will exceed his powers . . . or fashion a remedy which will violate public policy' " (*Hanna v Zumpano*, 267 AD2d 1028, 1029 [1999]). In addition, the contention of petitioner assumes that its allegations against Kiefer are meritorious, so consideration of that contention would necessarily involve consideration and approval of the merits, which are not the concern of courts in determining whether a matter is arbitrable (*see Matter of Board of Trustees of Cayuga County Community Coll. [Cayuga County Community Coll. Faculty Assn.]*, 299 AD2d 907, 908 [2002]). We discern no other "statutory, constitutional or public policy prohibition against arbitration of the grievance" and petitioner does not contend that the arbitration provision of the parties' collective bargaining agreement does not cover the grievance (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). Finally, we conclude that the court did not abuse its discretion in denying each party's request for attorney's fees and sanctions pursuant to 22 NYCRR 130-1.1 (a) (*see generally Vogt v Witmeyer*, 212 AD2d 1013, 1014 [1995], *affd* 87 NY2d 998 [1996]; *Matter of MacKnight v Sutton*, 198 AD2d 853, 854 [1993], *lv dismissed* 84 NY2d 988 [1994]). Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.