■ In the Matter of the Arbitration between BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO, Appellant, and PROFESSIONAL, CLERICAL AND TECHNICAL EMPLOYEES ASSOCIATION, Respondent. [863 NYS2d 309]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered March 2, 2007 in a proceeding pursuant to CPLR article 75. The order granted respondent's motion to dismiss the petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 2004, the Buffalo Fiscal Stability Authority (BFSA) imposed a wage freeze with respect to employees of the City of Buffalo, including school employees represented by respondent. As a result of the wage freeze, petitioner did not pay the wage increases mandated by the parties' collective bargaining agreement (CBA). Respondent and other aggrieved unions commenced an action in federal court against individuals in their capacities as "directors/members" of the BFSA (defendants), challenging the constitutionality of the wage freeze under the Contracts and Takings Clauses of the United States Constitution. The order of the District Court granting defendants' motion for summary judgment was affirmed by the Second Circuit (*Buffalo Teachers Fedn. v Tobe*, 446 F Supp 2d 134 [2005], *affd* 464 F3d 362 [2006], *cert denied* 550 US —, 127 S Ct 2133 [2007]). Respondent thereafter filed a demand for arbitration of its grievance, pursuant to procedure set forth in the CBA, and petitioner commenced this CPLR article 75 proceeding seeking a permanent stay of arbitration.

Supreme Court properly dismissed the petition. We reject petitioner's contention that any remedy awarded in the arbitration would violate public policy and thus that the grievance is not subject to arbitration. Although a court may stay arbitration if it "examines an arbitration agreement . . . on its face and concludes that the granting of *any* relief would violate public policy" (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 284 [2000]), this Court has previously held that we will not presume in advance of arbitration that the arbitrator will fashion a remedy that will violate public policy (*see Matter of Town of Evans*

*[International Bhd. of Elec. Workers, Local 41]*, 6 AD3d 1157, 1158 [2004]; *Hanna v Zumpano*, 267 AD2d 1028, 1029 [1999]). "[A]rbitrators are not strictly limited to remedies requested by the parties . . . and their broad power to fashion appropriate relief may therefore not be presumed in advance to necessarily entail public policy conflicts discernable in the abstract by the courts" (*Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 373 [1997] [internal quotation marks omitted]; *see Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418 [1978]).

Further, we reject petitioner's contention that the litigation in federal court precludes arbitration of the instant grievance inasmuch as it previously was the subject of judicial review. The federal litigation was limited to constitutional challenges to the wage freeze, and here the grievance is whether there was a violation of the CBA. Also contrary to petitioner's contention, the doctrine of res judicata does not bar the arbitration of the grievance. "[T]he parties, or those in privity with them, [were not] identical" in the federal litigation inasmuch as petitioner was not a party to the federal litigation, nor were defendants in privity with it, i.e., there is nothing in the record to indicate that defendants were in any way representing petitioner's interests in the federal litigation (*Insurance Co. of State of Pa. v HSBC Bank USA*, 37 AD3d 251, 256 [2007], *revd on other grounds* 10 NY3d 32 [2008]; *see Tuper v Tuper*, 34 AD3d 1280, 1281-1282 [2006]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Peradotto, JJ.